IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| William E. Danielson, ) | |
| ) | C/A No. 2:10-268-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Infinity Business Group, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

  Plaintiff William E. Danielson brought this case in the Court of Common Pleas for Charleston County, South Carolina, on December 29, 2009, alleging defendant Infinity Business Group, Inc. owed him money on a promissory note. Defendant removed the action to this court on February 3, 2010. Although Plaintiff initially was represented by counsel, on March 11, 2010, Plaintiff elected to proceed pro see. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On March 17, 2010, the Magistrate Judge issued an order in which he directed Plaintiff to notify the Clerk of Court in writing of any change in address. In the March 17, 2010 order, the Magistrate Judge specifically cautioned Plaintiff that his failure to comply with the order would subject his case to dismissal.

  On September 7, 2010, Defendant filed a Suggestion of Bankruptcy. On September 14, 2010, the Magistrate Judge stayed the action pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code. Since that time, the Magistrate Judge has received periodic status reports and has issued orders maintaining the stay of the case pending further order of the court. On September 10, 2015, the copy of the Magistrate Judge's September 1, 2015, order maintaining the stay that was sent to Plaintiff was

returned to the Clerk's Office, marked "FORWARD TIME EXP RTN TO SEND–RETURN TO SENDER." On March 8, 2016, a copy of the Magistrate Judge's March 3, 2016, order maintaining the stay that was sent to Plaintiff was returned to the Clerk's Office, marked "RETURN TO SENDER–NOT DELIVERABLE AS ADDRESSED–UNABLE TO FORWARD."

On March 9, 2016, the Magistrate Judge issued a Report and Recommendation in which he noted that Plaintiff had failed to comply with the Magistrate Judge's March 17, 2010, order. Accordingly, the Magistrate Judge recommended that the case be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(b). Plaintiff's copy of the Report and Recommendation was returned to the Clerk's Office on March 17, 2016, marked "RETURN TO SENDER–NOT DELIVERABLE AS ADDRESSED–UNABLE TO FORWARD."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

It appears Plaintiff has abandoned the within action and has failed to comply with an order of the court. The court adopts the Magistrate Judge's recommendation that the case be dismissed pursuant to Rule 41(b). However, because it does not appear that Plaintiff received a warning that noncompliance would result in dismissal with prejudice, see e.g., Scott v. White, Civ. Action No.

2:08cv97, 2014 WL 10321131 (E.D. Va. 2014), the within action will be dismissed *without prejudice*.

For the reasons stated in the Report and Recommendation and herein, Plaintiff's complaint is dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 6, 2016.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**